IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg Division

STEVEN S. WITT,

    *Plaintiff,*

v.                                  CIVIL ACTION NO. 3:08-CV-183

WEST VIRGINIA STATE POLICE,
Troop 2, Martinsburg, Berkeley County,
J.J. BOWMAN, individually
and in his Official Capacity,
J.D. BURKHART, individually
and in his Official Capacity, and
J.B. FLANIGAN, individually
and in his Official Capacity,

    *Defendants.*

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

Comes now, Plaintiff, Steven S. Witt, and files the following Response in Opposition to Defendant's Motion to Dismiss:

**INTRODUCTION**

Plaintiff's claims are not ripe for dismissal under any of the various theories advanced by Defendants.  First, Defendants waived their Eleventh Amendment immunity from Plaintiff's state-law claims by removing the case from state court to federal court.  Next, Plaintiff has properly stated claims for unlawful arrest, false imprisonment, assault, battery, and negligent hiring and supervision under the Fed. R. Civ. 8(a) pleading requirements.  Federal courts have made clear that there is no heightened pleading requirement for qualified immunity cases. Finally, Defendants are not entitled to qualified immunity from the conduct outlined in the complaint, which violated clearly established rights under the United States Constitution and the

Created with Print2PDF. To remove this line, buy a license at: http://www.software602.com/

West Virginia Constitution as well as other clearly established laws.  Defendants' Motion to Dismiss should, therefore, be denied.

## ARGUMENT[1]

**A.     Standard for a Motion to Dismiss**

For purposes of this motion to dismiss, all factual allegations in the Plaintiff's Complaint must be accepted as true. *Estate Const. Co. v. Miller & Smith Holding Co.,* 14 F.3d 213, 217-218 (4th Cir. 1994).  The Plaintiff's Complaint should be construed liberally, and ought not be dismissed unless it is apparent that the Plaintiff would not be entitled to relief under any facts which could be proved in support of her claim. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Shatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991).  A motion to dismiss for failure to state a claim is viewed with disfavor and should rarely be granted. *Rogers v. Jefferson Pilot Life Ins. Co.,* 883 F.2d 324, 235 (4th Cir. 1993).  Plaintiff, Steven Witt, has sufficiently stated a claim for relief under the standard governing his complaint.

More specifically on the issue of whether a plaintiff has sufficiently plead his claim, a complaint need only give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(a).  Specific facts are not necessary; the statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." There is no heightened pleading standard for qualified immunity cases. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001).  Mr. Witt met his burden in this respect.

---

[1] Plaintiff relies upon the facts stated in his complaint for purposes of responding to the motion to dismiss.

Created with Print2PDF. To remove this line, buy a license at: http://www.software602.com/

**B.	Defendants waived their Eleventh Amendment immunity from Plaintiff's state law claims by removing the case to Federal Court.**

Defendants incorrectly argue that "the 11th Amendment bars all claims against the West Virginia State Police and the Troopers in their official capacity." (See Def. MTD p. 1). The United States Supreme Court established that a state's removal of a case to federal court amounts to a waiver of the state's Eleventh Amendment immunity as to the state-law claims asserted against it. *See Lapides v. Board of Regents of University System of Georgia,* 535 U.S. 613, 622-624, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002).

In the present case, Defendants removed this case to federal court after it was initially filed in the Circuit Court of Berkeley County, West Virginia. Plaintiff alleged in his complaint certain state-law claims for assault, battery, false imprisonment, and negligent supervision and hiring. Additionally, Plaintiff's excessive force and unlawful arrest claims are based upon a violation of clearly established rights under the West Virginia Constitution, as well as the United States Constitution. Thus, while a state agency and its officials might ordinarily be immune from state-law claims brought in federal court, the United States Supreme Court's ruling in *Lapides v. Board of Regents*, makes clear that Defendants waived their Eleventh Amendment immunity to the Plaintiff's state-law claims by removing the case to federal court as a matter of law.[2]

---

[2] Plaintiff acknowledges that he may not maintain a 42 U.S.C. § 1983 action against the West Virginia State Police and the troopers in their official capacity. (See Def. Br. III.B) To the extent Plaintiff's Complaint does not make clear that the 42 U.S.C. § 1983 claims apply only to Defendants Bowman, Burkhart and Flanigan in their individual capacities, Plaintiff will, with leave of the Court, amend his complaint to clarify that issue. Plaintiff has, however, properly stated claims against the West Virginia State Police and troopers in their official capacities for violations of rights protected by the West Virginia Constitution and violations of other state law, for which the West Virginia State Police is vicariously liable under respondeat superior up to the policy limits of liability insurance coverage pursuant to *Pittsburgh Elevator v. W.Va. Bd. Of Regents,* 172 W.Va. 743, 310 S.E.2d 675 (1983).

Created with Print2PDF. To remove this line, buy a license at: http://www.software602.com/

### C. Mr. Witt has stated a valid claim for unlawful arrest in violation of the Fourth Amendment to the United States Constitution and the West Virginia Constitution.

As clearly set forth in the Complaint, Plaintiff alleges that he had committed no crime at the time of his arrest. Complaint at ¶¶ 30, 39. Plaintiff alleges that he did not resist his arrest. Complaint at ¶ 31. Plaintiff and his girlfriend were surprised and confused by the troopers' aggressive approach toward them because they had not violated any law. Complaint at ¶ 12. Although the Complaint alleges, *upon information and belief*, that the troopers were searching for Daniel Anderson, Plaintiff does not admit that he was arrested based upon mistaken identity.

In fact, Mr. Witt alleged that he was arrested after he and his girlfriend repeatedly informed the officers that Mr. Witt was not Daniel Anderson. Mr. Witt's repeated attempts to identify himself were ignored by the arresting officers.

Defendants cite *Hill v. California,* 401 U.S. 797 (1971)(citations omitted) for the proposition that Plaintiff cannot state a claim for unlawful arrest because his arrest was based upon mistaken identity. The Supreme Court's holding in *Hill* created no such bright-line rule. Rather, the Supreme Court in *Hill,* considered only whether to exclude evidence that was obtained during an arrest of an individual who was arrested at the home of another pursuant to a valid search warrant. In the present case, Mr. Witt was not arrested during the lawful search pursuant to a lawful search warrant. Accordingly, *Hill* is distinguishable on both the facts and the issue presented. In this case, the arrest of Mr. Witt was reasonable should turn on the specific circumstances presenting Defendants at the time of the arrest. Mr. Witt has set forth sufficient allegations to establish that his arrest was objectively unreasonable under the circumstances. In short, there is no bright-line rule that all arrests based upon alleged mistaken identity are *per se* reasonable. Moreover, while Mr. Witt believed that he was initially accosted

Created with Print2PDF. To remove this line, buy a license at: http://www.software602.com/

by Defendants because they were looking for another, he alleged that he was arrested <u>after</u> he informed the officers that he was not the person they were apparently looking for. Mr. Witt has alleged sufficient facts to state a claim that his arrest was unreasonable under the circumstances.

**D.    Mr. Witt has stated a valid claim for false imprisonment.**

Defendants attack Mr. Witt's false imprisonment claim on the basis that Mr. Witt's arrest was allegedly effectuated by lawful process pursuant to *State v. McCauley*, 130 W.Va. 401 (1947). Mr. Witt's arrest was not made pursuant to a valid arrest warrant. While, Defendants may have had a valid arrest warrant to arrest Daniel Anderson, the Defendants did not have a valid arrest warrant for Mr. Witt. Thus, Mr. Anderson's arrest warrant is not an absolute defense to the false imprisonment of Mr. Witt.

Thus, the false imprisonment claim turns on whether the arresting officers had reasonable grounds to believe that Mr. Witt had committed a felony. See *State v. McCauley*. Mr. Witt alleged in his complaint that Defendants did not have probable cause or his consent to restrain him. In doing so, Mr. Witt has stated a claim for false imprisonment in violation of West Virginia law.

**E.    Mr. Witt has stated a valid claim for supervisory liability.**

Based upon the allegations set forth in Complaint, the Plaintiff has alleged a valid claim for supervisory liability. Plaintiff alleges that the Department is a final decision maker for the West Virginia State Police. Complaint at ¶ 62. Plaintiff alleges that the actions and omissions of the Department represented the official policy of the West Virginia State Police. Complaint at ¶ 63. More specifically, Plaintiff alleges that the policies and customs adopted by the Department constituted a deliberate indifference to the hiring, training and supervision of the Department's employees and a deliberately indifferent failure to adopt policies necessary to prevent

Created with Print2PDF. To remove this line, buy a license at: http://www.software602.com/

constitutional violations. Complaint at ¶ 64. These constitutional violations are outlined in the Complaint, namely excessive force, unlawful arrest, assault, battery and false imprisonment. More importantly, the specific facts set forth in the Complaint provide the basis for these claims. The Plaintiff further alleges that the Department had actual or constructive knowledge of the individual actions of the troopers in this matter and other matters, which posed a pervasive and unreasonable risk of constitutional injury to Plaintiff and other citizens. Complaint at ¶ 65. The Plaintiff has met his burden of stating a claim for supervisory liability.

**F.     Mr. Witt has stated a valid claim for attorneys' fees pursuant to 42 U.S.C. § 1988.**

Plaintiff alleges that he is entitled to recover his attorneys' fees, pursuant to 42 U.S.C. § 1988. Plaintiff understands that he must substantially prevail in order to recover his attorneys' fees. However, had Mr. Witt not preserved his request his attorney fees in his complaint, he would likely face a challenge by Defendants that he waived such right by not pleading such a request in his complaint. There is simply no legal basis to dismiss Mr. Witt's claim for attorney fees.

**G.     The Defendants are not entitled to qualified immunity.**

The Fourth Circuit Court of Appeals makes clear that even at the summary judgment stage of the proceedings, when there is a genuine issue of material fact as to whether a reasonable police officer would have used the level of force actually used, dismissal is precluded. *Rowland v. Perry,* 41 F.3d 167 (4th Cir. 1994). In considering whether a defendant is entitled to qualified immunity, the Court should consider (1) whether the plaintiff has alleged facts that demonstrate a constitutional violation; and (2) whether the constitutional violation was clearly established at the time of the conduct. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 396(1982). Mr. Witt has alleged sufficient facts to demonstrate constitutional violations

Created with Print2PDF. To remove this line, buy a license at: http://www.software602.com/

that were clearly established. Thus, Defendants' request for qualified immunity at this stage of the litigation should be denied.

### 1. The Defendants are not entitled to qualified immunity regarding Plaintiff's claims for unlawful arrest.

Defendants are correct in their assertion that the reasonableness of the Troopers' actions must be judged by an objective standard in light of the facts they possessed at the time of the arrest. Further, the qualified immunity reasonableness determination is based on evidence reasonably available to the police officer. Mr. Witt alleges that these officers were faced with Mr. Witt's and Mr. Witt's girlfriends claim that Mr. Witt was not Mr. Anderson. These officers chose to ignore these claims. Nor did these officers seek to verify Mr. Witt's claims.

Again, Mr. Witt does not admit that his arrest was based upon a reasonable mistaken identity. Mr. Witt merely alleges that he believes the officers first believed he was someone else. He alleges, however, that he repeatedly informed the officers that he was not the person they were looking for. There is a question of fact about the reasonableness of Defendants' arrest of Mr. Witt in light of the facts given to the officers <u>before</u> the actual arrest. These facts, at the very least, preclude dismissing this claim as a matter of law on qualified immunity.

### 2. The Defendants are not entitled to qualified immunity regarding Plaintiff's claims for false imprisonment.

Defendants are correct in their assertion that the reasonableness of the Troopers' actions must be judged by an objective standard in light of the facts they possessed at the time of the arrest. Further, the qualified immunity reasonableness determination is based on evidence reasonably available to the police officer.

As clearly set forth in the Complaint, Plaintiff did not commit a crime. Complaint at ¶¶ 30, 39. Plaintiff did not resist the state troopers. Complaint at ¶ 31. Plaintiff and his girlfriend

Created with Print2PDF. To remove this line, buy a license at: http://www.software602.com/

were surprised and confused at the troopers' approach as they had not violated any law. Complaint at ¶ 12. Although the Complaint further addresses, *upon information and belief*, that Plaintiff believes the troopers were searching for Daniel Anderson, Plaintiff does not admit that he was arrested based upon mistaken identity.

Even if the troopers possessed enough information to approach Plaintiff, they did not have any basis to arrest Plaintiff. The troopers could have sought to verify Mr. Witt's identity before his arrest and before their use of excessive force. Instead, the troopers arrested Plaintiff and then further used more force than necessary to effectuate the arrest. The doubtful reasonableness of the trooper's action preclude a grant of qualified immunity at this stage.

### 3. The Defendants are not entitled to qualified immunity, at this time, regarding Plaintiff's claims for negligent hiring, training and supervision.

At this point, the Court should consider only Mr. Witt's allegations to determine whether Defendant's are entitled to qualified immunity. Mr. Witt alleged that the State Police did not adequately train, hire or supervise troopers, who knowingly violated constitutional rights of citizen, of which a reasonable officer would have known. Based solely upon Mr. Witt's allegations, there remain genuine issues of material fact, which preclude a grant of qualified immunity, particularly at this early stage of the proceedings.

### CONCLUSION

Defendants waived their right to Eleventh Amendment immunity from Mr. Witt's state-law claims by removing this case to federal court. Mr. Witt has alleged sufficient facts to state colorable claims against the Defendants. Mr. Witt alleged that Defendants violated clearly established laws of which a reasonable official would have known. Taking Mr. Witt's allegations as true, Defendants are not entitled to qualified immunity at this stage of the litigation

8

Created with Print2PDF. To remove this line, buy a license at: http://www.software602.com/

as a matter of law.  Accordingly, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety.

**<u>STEVEN S. WITT</u>**
**Plaintiff, By Counsel**

<u>     s/ Christopher P. Stroech            </u>
Gregory A. Bailey, Esq. (WVSB #7957)
Christopher P. Stroech, Esq. (WVSB #9387)
Arnold, Cesare & Bailey, PLLC
P.O. Box 69, 117 E. German Street
Shepherdstown, WV 25443
304.876.1575
304.876.9186 (Fax)
cstroech@acbattorneys.com

Created with Print2PDF. To remove this line, buy a license at: http://www.software602.com/